UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 07 CR 707 |
| | ) | Judge Ronald A. Guzman |
| FRED CALVERT | ) | |

**MOTION TO WITHDRAW FROM FURTHER
LEGAL REPRESENTATION OF DEFENDANT FRED CALVERT**

NOW COMES the Defendant, FRED CALVERT, by and through his appointed attorney, JERRY BISCHOFF, and hereby moves to withdraw his appearance as counsel for Defendant, FRED CALVERT. In support thereof, the defendant states as follows:

1. On October 31, 2007, the undersigned counsel was called by the Federal Defender's Office to appear on behalf of Fred Calvert. The court appointed counsel on that date;

2. That between the date of appointment and March 5, 2008, defense counsel has met with Mr. Calvert in the MCC on seven separate occasions. During those meetings, defense counsel has discussed all aspects of defendant's case and has gone over all the government's evidence in detail. Counsel also accepted telephone calls from the defendant and members of his family in order to discuss the case. Defense counsel has also provided defendant with copies of all reports, relevant video and audio tapes, and has also sent defendant correspondence discussing the option of trial versus plea, spelling out the different sentencing scenarios that could occur based on the choice he made;

3. That negotiations had been taking place between the Government and defense counsel which resulted in a tentative agreement. The negotiations took place at the defendant's request;

4. In fact, said negotiations produced the exact result that defendant indicated that he was seeking;

5. However, despite defense counsel's best efforts to answer all of defendant's questions and to offer advice, the attorney-client relationship has deteriorated to

the point where defendant will no longer communicate with defense counsel;

6. Defense counsel met with defendant on March 4, 2008 at the MCC to discuss his case and advise him about the status of negotiations which were taking place. At no time did defendant indicate that he wished to terminate defense counsel;

7. On March 5, 2008, defendant was accidentally placed in a cell with his co-defendant who was scheduled to enter a change of plea hearing. When defense counsel attempted to speak to defendant, he refused to converse with him;

8. Thereafter, when defendant was brought before the judge he informed defense counsel that he wished to terminate his services based on defense counsel's "relationship with the Assistant United States Attorney." Defendant then proceeded to indicate his dissatisfaction with defense counsel stating that counsel had not informed him of the seriousness of this case;

10. The Court then directed defense counsel to file a motion to withdraw;

11. Prior to filing a motion to withdraw, defense counsel made one last attempt to salvage the attorney-client relationship. Defense counsel once again met with defendant on March 6, 2008 for three hours. During that time, defense counsel explained to defendant the details of a possible plea agreement with defendant and answered all of his questions. Defendant indicated that he wished to plead guilty;

12. On March 14, 2008, defendant appeared in court and indicated to the court that he no longer wished to terminate counsel's services.

13. On March 18, 2008, defense counsel met with Mr. Calvert for two hours and went over a draft plea agreement with him. At that time, defendant indicated that he wished to accept the plea once it received final approval by the government;

14. The case was scheduled for change of plea on March 25, 2008, but the matter was continued until April 18, 2008 to finalize the plea agreement;

15. On March 26, 2008, Mr. Calvert telephoned defense counsel and left an angry message on his voice mail. Mr. Calvert was angry that he had not been brought to court and advised defense counsel to file a motion to withdraw;

16. At that time, defense counsel wrote Mr. Calvert a detailed explanation regarding why the matter was continued. Mr. Calvert was advised to reconsider his request

     and told that he would be notified as soon as counsel received the final plea agreement, which was received on April 15, 2008;

17. On April 16, 2008, defense counsel received the attached letter from Mr. Calvert. See Exhibit A.

18. On April 17, 2008, defense counsel attempted to visit Mr. Calvert at the MCC. Mr. Calvert refused to meet with defense counsel.

19. The undersigned counsel no longer can, consistent with his ethical responsibilities and duties to Fred Calvert, represent him in this matter. Defendant made explicitly clear that he does not want the undersigned counsel to represent him in this matter. Defendant has stated that he does not have confidence in the undersigned counsel's abilities to represent him, and believes that defense counsel is refusing to adequately represent him. Defendant is now refusing to speak to defense counsel.

WHEREFORE, in view of the aforementioned facts, the undersigned counsel moves the Court to enter an order granting him leave to withdraw as counsel for Defendant Fred Calvert

                            Respectfully submitted,

                       ss/  Jerry Bischoff
                           Jerry Bischoff

Jerry Bischoff
Attorney at Law
35 E. Wacker Drive
Suite 650
Chicago, Illinois 60618
(312) 853-2167