**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 07 CR 707 |
| v. | ) |
| | ) Judge Ronald Guzman |
| FRED CALVERT, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT FRED CALVERT'S MOTION TO
DISMISS COUNT I OF THE INDICTMENT**

Defendant, Fred Calvert, ("Fred Calvert"), by his attorney, Thomas More Leinenweber, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, respectfully moves this Honorable Court to dismiss Count I of the indictment against him. In support, Defendant states as follows:

1.   On November 15, 2007, the government filed a multi-count indictment against this Defendant and co-defendants Rodney Tanner and Keith Calvert. The gist of the allegations against Fred Calvert is this: he, with the other defendants, agreed with a disgruntled drug courier to commit a robbery of the drug courier's supplier, by stealing money and cocaine from the drug dealer. Unknown to the defendants, the drug courier was an undercover ATF agent, participating in a "reverse sting." As is the usual result in cases such as this, all of the defendants were arrested when the sting was revealed.

Specifically, Count I of the indictment charges Fred Calvert, along with the other two defendants, with conspiring to distribute and possess with intent to distribute in excess of five kilograms of mixtures containing cocaine in violation of 21 U.S.C. ¶846 and 18 U.S.C. ¶2. Count

1

II charges the defendants with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. ¶924(c)(1)(A). Count III charges Fred Calvert and defendant Keith Calvert with being a felon in possession of a firearm, in violation of 18 U.S.C. ¶922(g)(1).

2.  It is undisputed that no money, drugs or drug dealer existed. It was a ruse concocted by the ATF and a cooperating individual ("CI") working with them. According to the Complaint, the CI informed the ATF that defendant Rodney Tanner had approached the CI in July, 2007 asking him if he knew of any "licks" (a street term for an armed robbery or home invasion) that defendant Tanner could do. For the next two months, defendant Tanner and the CI allegedly continued to find a "lick" to do. Also according to the Complaint, on the last day and literally the last hour of the alleged conspiracy defendant Fred Calvert supposedly became involved by agreeing to help Tanner and defendant Keith Calvert rob a drug dealer. The problem for the Government is that there was no drug dealer and there were no drugs and, therefore, there is no conspiracy. Consequently, Count I of the indictment fails to state an offense.

3.  Section 21 U.S.C. ¶841(a)(1) states:

it shall be unlawful for any person knowingly or intentionally--

**(1)** to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance;

* * *

Section 21 U.S.C. ¶846 states:

Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

4.  Recently the Seventh Circuit decided the case of *U.S. v. Salgado and Pacheco-Gonzales*, 519 F.3d 411 (7th Cir. 2008), in a matter somewhat similar to the case at bar. In

*Salgado*, the defendants were convicted of conspiracy to steal money from the United States and attempting to rob a person having custody of money belonging to the United States, in violation of 18 U.S.C. ¶371 and 18 U.S.C. ¶2114(a), respectively.  The defendants in *Salgado* decided to rob a drug dealer who was supposedly purchasing drugs from the defendants.  However the purchaser was working for the Drug Enforcement Agency.

After the defendants were convicted, they argued on appeal that they could not be convicted of the crimes because the drug "purchaser" working with the DEA had no money and they never agreed to rob a person having money belonging to the United States.  The Seventh Circuit agreed holding that the fact that the purchaser had no money precluded a conviction on the attempt to rob money belonging to the United States and that because the defendants did not agree to steal money from the United States they could not be convicted of conspiracy.  *Salgado*, 519 F.3d at 415.

5.  Similarly, because this case involves no controlled substances, Defendant Fred Calvert cannot be convicted of the crime of conspiracy to possess with intent to distribute controlled substances.  As the Court in *Salgado* stated:

> But this informant did not carry . . . any money or property of the United States. So the attempt to rob the informant did not violate [18 U.S.C.] ¶2114(a).  It's really that simple.

*Id.* at 413.  The undercover agent in this case carried neither money nor drugs, so it is just as simple that no crime was committed by Defendant Fred Calvert.

WHEREFORE, Fred Calvert, respectfully requests that this Court dismiss Count I of the Indictment.

3

                                                                     Respectfully submitted,

                                                                     By: <u>Thomas More Leinenweber</u>
                                                                     Thomas More Leinenweber

Thomas More Leinenweber
Leinenweber & Baroni, LLC
321 South Plymouth Court
Suite 1515
Chicago, Illinois 60604
(312) 663-3003